UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NYANATI JERMAINE NEUFVILLE,  )
    Petitioner,  )
  )
v.  )  C.A. No. 19-441-JJM-LDA
  )
STATE OF RHODE ISLAND,  )
    Respondents.  )

ORDER

Nyanati Jermaine Neufville filed a habeas petition under 28 U.S.C. § 2254. ECF No. 1. Mr. Neufville, who is currently being held in a federal detention center, faces removability as an individual convicted of an aggravated felony for a crime of violence and as an individual who remained in the United States longer than authorized. *See* ECF No. 5. In his petition, Mr. Neufville claims that the guilty plea he entered in Rhode Island state court for first degree robbery, assault with a deadly weapon, impersonating a police officer, and obstruction of the judicial system, which is part of the basis for his removal, was made unknowingly and involuntarily. ECF No. 1 at 3. Mr. Neufville subsequently filed a motion to expedite (ECF No. 4) and requested an emergency stay of the order for his removal (ECF No. 5).[1]

Because the Court lacks subject-matter jurisdiction, the Court must dismiss Mr. Neufville's habeas petition, deny his motion to expedite, and deny his request for

---

[1] Mr. Neufville's order for removal was issued by an immigration court and affirmed by the Board of Immigration Appeals. It is currently being reviewed by the First Circuit. *See Neufville v. Barr*, No. 18-2050.

emergency injunctive relief. Fed. R. Civ. P. 12(h)(3); *see also McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004).

*Analysis*

In enacting Section 1252 of the Immigration and Nationality Act (8 U.S.C. § 1101, *et. seq.*) (the "INA"), Congress set forth a process for the review of all legal and factual questions that arise during removal proceedings. *Aguilar v. U.S. Immigration & Customs Enf't Div. of Dep't of Homeland Sec.*, 510 F.3d 1, 9 (1st Cir. 2007). Such questions are initially to be considered and decided during the administrative proceedings, with judicial review of those decisions vested exclusively in the courts of appeals. *See* 8 U.S.C. §§ 1252(a)(5), (b)(9). The First Circuit has confirmed that its review of removal orders goes beyond reviewing the determination of removability but "includes all matters on which the validity of the final order is contingent." *Cano-Saldarriaga v. Holder*, 729 F.3d 25, 27 (1st Cir. 2013) (internal quotation mark omitted). Thus, in accordance with the provisions of the INA, Mr. Neufville's ability to receive judicial review of the order of his removal, and all matters on which the validity of that order are contingent, must be sought with an appropriate court of appeals and not with this Court. *See id.* at 27.

Under Federal Rule of Civil Procedure 12(h)(3), the Court must dismiss an action if it determines at any time that it lacks subject-matter jurisdiction. Because this Court lacks the jurisdiction to review the order of Mr. Neufville's removal, due to the provisions of the INA, his habeas petition must be dismissed and his request for emergency injunctive relief denied. *See Cano-Saldarriaga*, 729 F.3d at 27.

For the reasons stated, the Petitioner's Writ for Habeas Corpus is DISMISSED (ECF No. 1); Petitioner's Motion to Expedite (ECF No. 4) is DENIED; and Petitioner's Motion for Temporary Restraining Order is DENIED (ECF No. 5).

IT IS SO ORDERED.

/s/ John J. McConnell, Jr.

John J. McConnell, Jr.
United States District Judge
October 25, 2019